## TAYLOR and RAYNE *v.* PEDRO DE SOTOLINGO.

A printed book, proved by the Spanish consul to be the laws of Spain, and that by usage Spanish consuls have power to certify the laws of Spain, is admissible in evidence to prove the laws of that government.

A party may prove by parol the signification of the Spanish phrase "*Socio Industrial*," and that such a partner is not responsible for the losses and debts of the partnership.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Winthrop* and *Maybin*, for plaintiffs. *H. H. Strawbridge*, for defendant. The judgment of the court was pronounced by

SLIDELL, J. This action is brought by process of attachment upon two bills of exchange, dated in Havana and drawn by *Carlos Cruzat & Co.*, a mercantile house there, on *Andrews* and *Cunningham* at Boston, in favor of, and endorsed by *Andrews* and *Dewey*, from whom the plaintiffs purchased them in New Orleans. They were accepted, but protested for non-payment; and due notice of protest is alleged to have been given to the drawers. The defendant, a resident of Havana, is sued upon the alleged ground that he was a member of the house of *Carlos Cruzat & Co.* His principal defence is, that he was only a "*socio industrial*" of the firm, and that under the laws of Spain, which govern the island of Cuba, such a partner is not responsible for the losses or debts of the partnership. The district judge sustained the defence; and the plaintiffs have appealed.

There were several bills of exception taken by the plaintiffs. We will notice such of them as seem to require attention.

At the trial of the cause, the defendant offered in evidence a printed book in the Spanish language, purporting to be the official edition of a Code of Commerce, adopted and promulgated in Spain, in 1829. This book was produced by the consul of Spain, resident at New Orleans, who proved it had been published by authority of the Spanish Government; that it had been delivered to him when he was appointed consul, with the archives of his office, and had been furnished by the Spanish Government. The consul also testified that the consuls of Spain have power as such to certify the laws of Spain; and that this authority is not derived from any written laws, but from usage. He further testified, that if a copy of the code were presented to the Queen of Spain for her signature, to certify the same as the laws of Spain, she would refuse it as *infra dignitatem*. He also certified, as consul, another copy of the same work. Under

TAYLOR<br>
*v.*<br>
SOTOLINGO.

these circumstances, we think the book was properly received in evidence, for the purpose of showing the commercial law of Spain upon the subjects which the code professes to comprehend; and that in the absence of any countervailing evidence, the court below properly considered it as proving that law.

By this code, art. 269, it appears, that a person employed in a commercial house may receive in compensation for his labors a share of the profits, without being liable as a partner either to the firm or to third persons.

At the trial of the cause, certain articles of agreement between *Carlos Cruzat, J. M. Isaacks* and *Sotolingo,* the defendant, were offered in evidence. They are in the Spanish language, and literally translated, run as follows: " I, *Don Carlos Cruzat,* declare, that I have agreed to interest *Don J. M. Isaacks* and *Don Pedro Sotolingo* as industrial partners (*socios industriales,*) in the commercial house which, under my name, deals in this place, and on the terms and conditions following: 1. The said *Isaacs* and *Sotolingo* shall receive, the first fifteen per cent, and the second ten per cent on the liquidated profits that may result from the operations which the commercial house may do, from the 1st day of October, one thousand eight hundred and forty-seven. 2. Moreover, I will give them each for their private expenses, a monthly salary of a hundred dollars. 3. For the funds they may wish to place with the firm, I will pay them nine per cent yearly. 4. The operations of the house shall be exclusively that of commissions. 5. It is not permitted to any one of the industrial parties to make any mercantile speculation on his private account, they promising to devote all their labor and industry to the firm. 6. All operations that may be done shall take place with my knowledge, and by my good pleasure. The duration of the partnership shall be for three years, which shall terminate on the 1st day of October, one thousand eight hundred and fifty; at which time it shall proceed to liquidate, and the partners be at liberty to do as they may hold convenient. And that this may appear, we sign three documents of one tenor, that each party may preserve his own. Havana, May 29th, 1847 "

The defendant offered several witnesses who had been connected with Spanish commerce, and were familiar with the Spanish language, (among others, the Spanish consul) to prove the popular and technical meaning of the words " *socio industrial,*" found in these agreements, and that a " *socio industrial* " was not responsible, in Cuba, for the losses or debts of the partnership in which he was such industrial partner: to which the plaintiffs objected, on the ground that no parol evidence could be received to show such meaning and such exemption from respensibility; which objection was overruled, and the witnesses were permitted to testify.

We do not think there was such error in the ruling of the district judge, particularly as he was trying the cause without a jury, as would authorize a reversal of the judgment. The legal exemption from liability of an employé who receives a share of the profits of a commercial house was proved, independently of those witnesses, by the written law of Spain, which the district judge had before him. The testimony of the witnesses was clearly admissible, to show that those expressions of a foreign language were used in common parlance to designate such an employé.

The execution of the agreement above mentioned, and the relation of *Sotolingo* towards the house of *Carlos Cruzat & Co.* are satisfactorily proved; and under the law of Spain, we think the court below properly held he was not liable to the plaintiffs.

Judgment affirmed, with costs.